J-A13016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANE JAMES BEERS | : | No. 2180 EDA 2021 |

Appeal from the Order Entered September 24, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-002952-2019

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED JULY 6, 2022**

Appellant, Commonwealth of Pennsylvania, appeals from the Order entered on September 24, 2021, granting a suppression motion filed by Appellee, Dane James Beers. After careful review, we find that the Commonwealth waived its only issue on appeal and, as a result, we affirm.

On November 7, 2019, Beers suffered serious injuries in a two-vehicle automobile accident. As a result of the injuries, an ambulance immediately transported Beers to a local hospital. At the hospital, a Pennsylvania State Trooper allegedly obtained Beers' verbal consent for a blood draw. The blood draw revealed the presence of a controlled substance in Beers' blood. As a result, the Commonwealth charged Beers with, *inter alia*, DUI—Controlled Substance.[1]

---

[1] 75 Pa.C.S. § 3802(d)(2).

On July 27, 2021, Beers filed a pretrial motion seeking to suppress the results of the blood draw, arguing that he did not validly consent to the blood draw. On September 24, 2021, after a hearing, the trial court granted Beers' motion to suppress. The Commonwealth timely filed a Notice of Appeal[2] and the trial court ordered it to file a Rule 1925(b) statement.

The Commonwealth timely filed the following Rule 1925(b) statement, verbatim:

> The Honorable Lower Court erred in granting the defendant's motion to suppress blood test results contrary to the facts of the record and prevailing constitutional, statutory and case law.

Pa.R.A.P. 1925(b) Statement, filed 11/9/21.

The trial court determined that the Commonwealth "effectively waived any alleged error [because its Rule 1925(b) statement] fails to identify any specific error(s)." Trial Ct. Op., 12/9/21, at 3. We agree.

Paragraph (b)(4) of Rule 1925, titled "*Requirements; waiver*[,]" commands that "[t]he Statement shall concisely identify each error that the appellant intends to assert **with sufficient detail to identify the issue to be raised for the judge**." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). "Issues . . . not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Thus, we deem any issue not

---

[2] Pursuant to Pa.R.A.P. 311(d), the Commonwealth verified in its Notice of Appeal that "the order will terminate or substantially handicap the prosecution." As a result, we have jurisdiction to address this appeal.

set forth with sufficient detail in an appellant's Rule 1925(b) statement to be waived. ***Commonwealth v. Parrish***, 224 A.3d 682, 701 (Pa. 2020).

The Commonwealth's Rule 1925(b) statement is impermissibly vague. It fails to identify any trial court error, and its general reference to "the facts of the record and prevailing constitutional, statutory and case law" does not provide any context by which the trial court could infer the Commonwealth's issue. As a result, the statement failed to provide "sufficient detail to identify the issue to be raised for the judge" in violation of Rule 1925(b)(4)(ii). The Commonwealth has, thus, waived all issues for review and we affirm the trial court order granting Beers' suppression motion.[3]

Order affirmed.

Judge Olson joins the memorandum.

Judge King concurs in result.

_____

[3] Even if not waived, the Commonwealth's challenge would not garner relief. The suppression court disbelieved testimony from State Trooper Ryan Brands that at the hospital immediately following the crash, he obtained Appellant's consent for the blood draw. Trial Ct. Op. at 4-6. Instead, the court credited Appellant's testimony that his injuries prevented him from consenting. ***Id.*** at 5. It is axiomatic that "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003). The court's findings adequately support its decision to suppress the evidence and, therefore, we would affirm.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/06/2022